UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LACY REESE, as Special Administratrix**
**of the ESTATE OF DAVID LYNN REESE,**
**Deceased**                                          **PLAINTIFF**

**vs.**                              **NO. 2:15-cv-02145-PKH**

**MICHELIN NORTH AMERICA, INC.,**
**FCA US LLC, and DISCOUNT TIRE**
**COMPANY OF TEXAS, INC.**                   **DEFENDANTS**

## AGREED PROTECTIVE ORDER

**BE IT REMEMBERED** that on this day, the Court was presented with this

Agreed Protective Order ("Order") that will govern the disclosure of certain documents

produced, or to be produced, by Plaintiff Lacy Reese ("Plaintiff"), Defendant Michelin

North America, Inc. ("MNA"), Defendant FCA US LLC ("FCA US"), and Defendant

Discount Tire Company of Texas, Inc. ("DT-TX") (MNA, FCA US and DT-TX may

collectively be referred to as "Defendants," and all parties may collectively be referred to

as "the Parties"), in the course of discovery and trial of this lawsuit.

*Because the Court* finds that records such as Plaintiff's and decedent David Lynn

Reese's medical, education, employment records, tax returns, and social security earnings

history, to name a few, may be relevant to the issues in controversy and produced or

disclosed during discovery;

*Because the Court* finds that documents and information proprietary to the

individual Defendants and containing confidential financial, proprietary, technical, or

commercial information, and/or trade secrets, may be relevant to the issues in controversy and may be produced or disclosed during the course of discovery in this litigation; and

*Because the Court* finds that disclosure of such confidential information might be severely injurious to one or more of Defendants, placing them at a competitive disadvantage within their industries; and

*Because the Court* finds that good cause exists for the entry of a protective order; and

*Because the Court* wishes the Parties to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation;

**IT IS HEREBY ORDERED** that the following rules and procedures shall govern the disclosure of certain documents produced, or to be produced, by the Parties in the course of discovery and trial of this action.

1.     Any document, including photographs, drawings, films, videotapes, or other writings, which contain trade secrets or other commercially sensitive or proprietary information not heretofore publicly disclosed may be in good faith designated as "Confidential" by the producing party and entitled to protection under the terms of this Order and all such documents designated as "Confidential," and copies thereof, shall be marked "Produced Pursuant to Protective Order," "Confidential," or words to that effect. In regard to Plaintiff, she may designate personal financial records, medical records, education records, employment records, tax returns, and social security earnings history as "Confidential," provided that she has a good faith basis to believe that such information has not previously been publicly disclosed.

2.     Unless otherwise allowed by the Court, Defendants may designate documents as "Confidential" only after making a good faith determination that the document is of a confidential nature.  The designation of a document as "Confidential" shall not create any presumption with regard to the actual confidentiality (that is, as actually determined by the Court) of any document, nor shall it affect the burden of proof necessary for obtaining an order from the Court sealing the document.

3.     Any party may challenge a claim made under Paragraph 1 by written notice of its objection to counsel for the claiming party or non-party or by raising a challenge upon the record during a deposition.  In the event a claim is challenged, the party requesting confidential treatment will move for an appropriate ruling from the Court within thirty (30) days of notice by the challenging party.  If such motion or pleading is made by the party requesting confidential treatment, the material shall continue to be treated as confidential until the Court rules on the confidential status.  If the party requesting confidential treatment does not move for a ruling by the Court within the prescribed thirty (30) days, the material challenged shall no longer be treated as confidential.  A party shall not be obligated to challenge the propriety of the designation of documents as Confidential at the time of the designation, and failure to do so shall not preclude a subsequent challenge to the designation.  Defendants shall provide copies of all documents obtained pursuant to an executed authorization provided by Plaintiff to Plaintiff within thirty (30) days of their receipt, including all such documents marked "Confidential" or words to that effect.  Plaintiff shall pay reasonable costs to the Defendant associated with the Defendant providing copies of same.

3

4.      Confidential documents, and any copies thereof, shall be made available only to the following persons when needed by them in connection with their duties in the conduct of this action.

a.      Attorneys of record in this action and their partners or associate attorneys;

b.      Any persons regularly employed by such attorneys or their firms, when working in connection with this action (including contract staff, copying services, or other administrative support);

c.      The named parties in this litigation;

d.      Any expert, consultant, or similar person who has been consulted, or who has been retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants, or similar persons when working in connection with this action under the supervision of such persons, provided that no disclosure shall be made to any expert or consultant who is presently employed, either full time or as a consultant, by a competitor of Defendants;

e.      The Court, the Court's staff, witnesses, and the jury, at the trial or at hearings in this case;

f.      Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony or hearings in this case; and

g.      Any other person on such terms and conditions as the parties may mutually agree, in writing, or as the Court may hereafter direct by further order.

4

5.     Plaintiff may share the information, ideas and documents with other plaintiffs' attorneys involved in pending litigation with similarly situated plaintiff(s) against Defendants, provided that the litigation of the similarly situated plaintiff(s) involves similar defect allegations.  As to FCA US, the defect allegations must relate to the Gen III buckle and seat belt system without limitation as to the vehicle platform, and the driver seat belt system, roof structure, and/or crashworthiness of a Jeep Wrangler (TJ).  As to MNA, except as indicated in paragraph 6 below, Plaintiff may share confidential documents with other plaintiffs' attorneys involved in pending litigation with similarly situated plaintiffs against MNA, provided that it involves a tire within the scope of discovery agreed to by Plaintiff and MNA or set by this Court.  This Order does not define the scope of discovery in this case, and Plaintiff and MNA have not agreed to limit or broaden the scope of discovery by agreeing to this Order.  As to DT-TX, the claim must relate to the application of an excessive number of wheel weights to the wheel of a tire. Those attorneys who review the information must certify they will not release the information to competitors of Defendants or to others who might exploit it for economic gain.  Except as to persons described in paragraph 4(e) above, a person meets the certification requirement if, and only if, that person reviews this Order and agrees to its terms by signing a copy of the form attached hereto as Exhibit "A."  Counsel for Plaintiff agrees to provide copies of all executed Exhibit A forms to the respective Defendants' counsel of record within fifteen (15) days after identification of any testifying expert witness and at least fifteen (15) days prior to providing any confidential documents to attorneys prosecuting another case.  For consulting-only experts whose identity was not

disclosed during the pendency of this case, Counsel for Plaintiff agrees to retain copies of the executed Exhibit "A's" for such consultants and will produce same to counsel for any Defendant should a reasonable need for the production of same arise in the future. The Parties shall not disclose any Confidential materials or information to any party other than as expressly provided for in this Order.

6.    MNA has expressed the need for heightened protection with respect to a limited number of confidential documents subject to this Order. When producing documents for which it in good faith believes that a higher level of protection is required than otherwise specified in this Order, MNA shall advise counsel for the receiving party as to why the additional level of protection is needed. The Parties further agree as follows:

a.    Disclosure of those certain confidential documents designated by MNA to receive heightened protection (hereinafter "Heightened Protection Documents") is limited to the attorneys in this litigation, their employees, and their experts for use only related to this case. Such documents will be stamped or marked "Heightened Protection."

b.    To the extent a receiving party disagrees with the designation of "Heightened Protection," it shall advise MNA's counsel in writing. The parties agree that MNA may apply to the Court for the additional protection. It shall be the obligation of MNA to file a motion within thirty (30) days of receiving written notice from the receiving party, and MNA shall have the burden to prove its claim that the information is entitled to

6

the additional protection.

7.      Confidential materials that are marked and identified as described above shall be used solely in connection with the preparation and trial of this lawsuit and as provided herein.

8.      No copies of any such Confidential materials shall be made or furnished or disclosed to any person, firm, or corporation except those identified in this Order, without the prior written consent of the producing party or its attorneys of record in this case. The Parties' counsel are, however, permitted to store and maintain the Confidential documents on their firms' private computer network and to external hard drives, while maintaining the Confidentiality of the documents.

9.      Prior to the disclosure of any of the materials or documents covered by this Order, the attorney making such disclosure shall furnish a copy of this Order to the person, firm, or corporation to whom the materials or documents contained therein are to be disclosed and shall advise such persons that, pursuant to this Order, such Confidential materials, or the information contained therein, may not be divulged or disseminated in any way to any other person, firm, or corporation.  No person to whom Confidential material is disclosed pursuant to the provisions of this Order shall disclose Confidential material to any person not entitled, under the terms of this Order, to receive it.

10.     Confidential material, and any copies thereof, may be disclosed to deponents during the course of their preparation for, and the taking of, their depositions in this case.  Prior to the disclosure of such materials to a deponent, the attorney making the disclosure shall advise the deponent to whom the material or information contained

7

therein is to be disclosed that, pursuant to this Order, such deponent may not divulge any such materials contained therein to any other person, firm, or corporation. If Confidential material is disclosed during a deposition, counsel for the party to whom the Confidential material belongs shall, during the deposition, state on the record that testimony involving Confidential material shall be held as Confidential, and the entire deposition transcript will be treated as Confidential until counsel for such party receives a transcript of the deposition and for thirty (30) days thereafter. After receipt of the deposition transcript, counsel shall identify by page and line the portion of the material that the party intends to designate as Confidential in a written letter served to all counsel of record and court reporter within thirty (30) days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the party in such letter shall remain Confidential.

11.     If a party intends to file Confidential materials by or in any pleading, motion, deposition transcript, or other paper filed with the Court, the party must file a motion for leave to file the Confidential materials under seal, in compliance with local and federal rules and practice.

12.     Unless otherwise addressed herein, all documents or other materials covered by this Order shall be returned to the respective producing party or their attorneys of record within thirty (30) days of the conclusion of this litigation. The Parties' counsel are not obligated to return or destroy document indices created unless such indices include summaries revealing confidential information. Further, upon conclusion of this litigation, Plaintiff's counsel will permanently delete any and all

8

documents or materials covered by this Order from all computers, computer networks, and any electronic storage devices where such has been stored, and provide Defendants' counsel with written certification that such has been permanently deleted.

13.    Counsel for Plaintiff may retain copies of documents or other discovery materials covered by this Order if at such time counsel for Plaintiff is actually involved in pending litigation or is involved in ongoing investigation into potential litigation as against FCA US involving similar defect allegations relating to the Gen III buckle and the driver seat belt system, roof structure, and/or crashworthiness of a Jeep Wrangler (TJ); or as against MNA relating to a tire within the scope of discovery agreed to by Plaintiff and MNA or set by this Court; or as against DT-TX relating to allegations regarding the application of an excessive number of wheel weights to the wheel of a tire; provided, however, that counsel for Plaintiff at the time such documents are retained identify for counsel for any affected Defendant the pending case(s) or potential litigation for which the documents are being retained, and further provided that counsel for Plaintiff certifies to counsel for the affected Defendant in writing at the conclusion of this litigation that:

a.    The documents will be maintained in the possession of Plaintiff's counsel pursuant to the terms of this Order; and

b.    The documents, information, and other materials retained will be returned to the affected Defendant when the case(s) for which the documents were retained are no longer pending.

14.    This Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by an instrument in writing signed by the Parties.   If any

9

provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15.     All documents that are filed with the trial court or any appellate courts which contain any portion of any Confidential material or information from any Confidential material shall be filed under seal only in accordance with appropriate rules and practice of the Courts.   Alternatively, upon seeking and obtaining leave from the Court, Confidential material may be provided to the Court for *in camera* review only.

16.     The Parties' production of materials and information covered by this Order does not waive any privileges, including attorney-client, peer review, quality assurance, statutory, physician-patient, confidential, proprietary, trade secrets or work product privileges or exemptions that might exist with respect to the materials and information, whether written or oral.   Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of either available privilege or protection by the disclosing party.   Upon request of the producing party, the receiving party shall promptly return the inadvertently produced documents, and those documents and the information contained therein shall not be used for any reason.

17.     The terms of this Order do not preclude Defendants from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with their obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, *et. seq.*

18.     After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record, unless and until this Court orders otherwise.  This Court retains and shall have jurisdiction over the Parties for enforcement of the provisions of this Order following termination of this litigation.

19.     If any action, hearing, lawsuit or other proceeding is brought to enforce the terms of, or to sanction a violation of this Order, the party who prevails in such action, hearing, lawsuit or proceeding shall recover from the violating individual, counsel and/or party all reasonable costs, reasonable expenses and reasonable attorneys' fees incurred in the prosecution or defense of the action, hearing, lawsuit or proceeding.

20.     This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21.     This Order does not define the scope of discovery in this case, and no party has agreed to limit or broaden the scope of discovery by agreement to this Order.

SIGNED AND ENTERED this _2 4th_ day of _MARCH_, 2015.

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 2 4 2016

DOUGLAS F. YOUNG, Clerk
By
    Deputy Clerk

_P. K. Holmes_ us
_____
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

11